651 P.2d 1312

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Alfredo ORONA, Defendant-Appellant.**

**No. 5730.**

Court of Appeals of New Mexico.

Sept. 23, 1982.

John B. Bigelow, Chief Public Defender, William P. Slattery, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant appeals a denial of presentence confinement credit under § 31–20–12, N.M.S.A.1978 (1981 Repl. Pamph.). We affirm.

Defendant was confined in the penitentiary at Santa Fe on a burglary charge unrelated to the perjury charge at issue here. He was transported to the Chaves County jail to answer the perjury charge. On his motion, because he was losing good time and missing school and work, he was transported back to Santa Fe after his waiver of arraignment. He was returned to Chaves County for the purpose of pleading guilty to the perjury charge and sentencing. His sentence for the perjury was one year consecutive to the burglary sentence. No provision was made for presentence confinement credit. His pro se motion sought credit for all the time he was under the perjury charges. His appeal narrows the time to only that time spent in Chaves County.

In *State v. Brewton*, 83 N.M. 50, 487 P.2d 1355 (Ct.App.1971), defendant was serving a penitentiary sentence when he committed a misdemeanor. He pled guilty to the misdemeanor and wanted presentence confinement credit for the twenty-eight days between the time he was served with an arrest warrant for the misdemeanor and the time judgment on it was entered. This Court held § 31–20–12, *supra,* inapplicable because defendant's "confinement during this period was pursuant to his prior sentence."

*State v. Barefield*, 92 N.M. 768, 595 P.2d 406 (Ct.App.1979), recognized the possibility of obtaining credit for "presentence confinement even though he [defendant] was also confined, at the same time, in [another case]". However, because the record in *Barefield, supra,* was ambiguous, this Court could not resolve the matter.

*State v. Ramzy*, 649 P.2d 504 (Ct.App. 1982), however, dealt with specific facts. There, defendant was out on appeal bond in Case One when he committed the offenses for which he was charged in Case Two. Because of the Case Two charges, his appeal bond in Case One was revoked. At about the same time bond, which defendant did not make, was set in Case Two. Defendant's incarceration was, therefore, attributable to both the Case One and Case Two charges. *Ramzy, supra,* states that the decisive factor is "whether the confinement was actually related to the charges of that particular case [for which credit is sought]."

Because 1) defendant was not originally confined in either case, 2) Case Two triggered the bond revocation in Case One, and 3) bond was set in Case Two, defendant's incarceration was "undoubtedly partly, if not totally, caused by Case Two charges. There is sufficient connection between Case Two and the confinement ... to warrant credit for such incarceration and confinement, even though he [defendant] was at the same time in custody ... in Case One." *Ramzy, supra.*

One question *Ramzy, supra,* directs us to ask is, is the confinement in Chaves County actually related to the perjury charge? *State v. Martin,* 94 N.M. 251, 609 P.2d 333 (Ct.App.1980), holds that defendant's confinement during the entire time at issue here is a penitentiary confinement. *Ramzy, supra,* noted three factors that caused defendant's confinement there to be related to Case Two. None of those factors are present here. First, defendant here did not start out unconfined. Second, the perjury charges did not cause his confinement in any way—he was already confined. Third, there was nothing, such as bond being set in the perjury case, to even indicate that he was being held on the perjury charge. All we have here is a transfer of the place of confinement. The actual confinement being unrelated to the perjury charge, the trial court was correct under *Brewton, Barefield,* and *Ramzy, supra,* in denying defendant's motion for presentence confinement credit.

Affirmed.

IT IS SO ORDERED.

WALTERS, C. J., and LOPEZ, J., concur.