779 P.2d 976

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Archie MIRANDA, Defendant–Appellant.**

**No. 10589.**

Court of Appeals of New Mexico.

Aug. 8, 1989.

Certiorari Denied Sept. 6, 1989.

Hal Stratton, Atty. Gen., Margaret McLean, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Jonathan A. Abbott, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

CHAVEZ, Judge.

The previous opinion of the court is withdrawn and the following is substituted.

Defendant appeals from an amended judgment and sentence granting him 63 days of presentence confinement credit. Two issues are presented on appeal: 1) the appropriate amount of presentence confinement credit to which a defendant, incarcerated on more than one case, is entitled and 2) whether it was error for the trial court to stack defendant's parole periods after service of his consecutive sentences. We hold that defendant is entitled to an additional 24 days of credit. The trial court erred in stacking the parole periods; the first parole period should run concurrently with the second prison sentence.

FACTS

Defendant had three different cases arising out of three separate criminal episodes. The three cases will be referred to as Case 1, Case 2, and Case 3, as they chronologically occurred (Case 1, Cause No. 87–051, Grant County; Case 2, Cause No. 87–052, Grant County; and Case 3, Cause No. 87–063, Grant County). Defendant was found guilty in Case 2, he pled guilty in Case 3, and Case 1 was dismissed as a result of the plea bargain in Case 3. Pursuant to the plea bargain, defendant was sentenced consecutively on Cases 2 and 3. He received a total of 12 years on Case 2 plus 2 years parole. On Case 3 he received 4 years plus 2 years parole. The trial court ordered both parole periods to commence running consecutively at the completion of the two prison sentences. The judgment and sentence was filed November 30, 1987. Prior to this date defendant was in and out of custody as a result of the arrests and violations of conditions of release.

## I. PRESENTENCE CONFINEMENT CREDIT:

The relevant dates pertinent to defendant's claims for presentence confinement credit are as follows:

| | |
|---|---|
| February 18 | Arrested in Case No. 1. |
| March 20 | Released on bond in Case No. 1. |
| April 14 | Arrested in Case No. 2 and released same day on bond. |
| April 30 | Arrested for violation of bond in Case No. 1 and because he had been bound over for trial in Case No. 2. |
| May 2 | Posted bond for Case No. 1 and was released from custody. |
| May 8 | Arrested in Case No. 3. |
| May 19 | Released on bond in Case No. 3. |
| May 29 | Arrested for violation of bond in Case No. 1. Never released after this date. |
| June 15 | Bond revoked in Case No. 1. |
| September 11 | Defendant ordered to State Hospital for forensic evaluation in Cases 1, 2, and 3. |
| November 2 | Defendant found competent to stand trial. |
| November 13 | Defendant convicted following a jury trial in Case No. 2. |
| November 25 | Plea agreement in Cases No. 1, 2, and 3. |
| November 30 | Judgment and Sentence entered in Cases 2 and 3; Case 1 dismissed. |
| December 3 | Transported to Grants Corrections Facility. |

■ The amended judgment and sentence gave defendant 63 days of presentence confinement credit: 42 days for confinement at hospital (9/15–10/26), 12 days from arrest to bonding out on Case 3 (5/8–5/19), and 9 days from date of plea agreement to transport to Grants (11/25–12/3). Defendant is requesting an additional 100 days or, in the alternative, an additional 138 days. We hold that defendant is not entitled to additional 138 days of credit since this time related only to Case 1 for which he was never convicted or sentenced. Defendant is also not entitled to an additional 100 days of credit because this is based on a dual credit calculation toward his consecutive sentences. Defendant is, however, entitled to credit for April 14 (if imprisoned on this day), April 30 through May 2, May 8 through May 19, September 11 through November 2, and November 13 through November 30; a total of 87 days or, an additional 24 days.

■ NMSA 1978, Section 31–20–12 (Repl.Pamp.1987), requires courts to award presentence confinement credit for time

spent in official custody before the disposition of the charges. It states in full:

> A person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or a lesser included offense, be given credit for the period spent in presentence confinement against any sentence finally imposed for that offense.

This statute has been interpreted to mean that credit is required as long as the presentence confinement is related to the charge on which the conviction is based. *State v. Page,* 100 N.M. 788, 676 P.2d 1353 (Ct.App.1984); *State v. Ramzy,* 98 N.M. 436, 649 P.2d 504 (Ct.App.1982); *State v. Barefield,* 92 N.M. 768, 595 P.2d 406 (Ct. App.1979). It is not necessary that confinement be related exclusively to the charges in question. *State v. Ramzy.* However, if the confinement is not related to the charges for which defendant seeks credit, he is not entitled to credit. *State v. Orona,* 98 N.M. 668, 651 P.2d 1312 (Ct. App.1982) (no credit for presentence confinement if defendant was simultaneously serving time pursuant to a valid sentence on an unrelated crime); *State v. Brewton,* 83 N.M. 50, 487 P.2d 1355 (Ct.App.1971) (same).

### A. Calculation of a One–Day Credit:

■ In evaluating the days of credit, we find it necessary to establish a rule regarding how the days sought by defendant should be counted. We hold that a one-day credit should be granted for every twenty-four hours, or fraction thereof. *People v. Johns,* 130 Ill.App.3d 548, 85 Ill.Dec. 779, 474 N.E.2d 739 (1984) (to avoid arbitrary results, if a defendant is held in custody for any part of the day, credit should be granted for that day). For example, if someone is arrested at 10:00 p.m. and released at 9:30 a.m. the next morning, he or she should only get a one-day credit because the confinement is less than twenty-four hours. If, on the other hand, someone is arrested at 8:00 a.m. and released at 9:30 a.m. the following day, the confinement would amount to a two-day credit because the confinement exceeded a twenty-four hour period. There may be occasions when it is unclear exactly what time a defendant was put into custody or when he was released. If the records are ambiguous, the presumption should be in favor of defendant.

### Confinement Resulting From Arrest and Release in Case Two

■ The record reveals defendant was arrested on April 14, 1987, on Case 2 and released that same day on an appearance bond. The trial court gave him no credit for this day. If defendant was imprisoned on this day, he is entitled to a one-day credit. *People v. Johns.*

### B. Credit Due When Presentence Confinement Relates to More Than One Case:

■ Defendant's main contention on appeal is that presentence confinement relating to more than one case should apply toward each sentence finally imposed. He argues that *Ramzy* requires this credit even if the final sentences are imposed consecutively. We disagree. Presentence confinement credit is not to be multiplied by the number of different sentences imposed. *State v. Aaron,* 103 N.M. 138, 703 P.2d 915 (Ct.App.1985).

Statutes giving credit for presentence confinement are designed to assure equal treatment of all defendants whether or not they are incarcerated prior to conviction. *See In re Atiles,* 33 Cal.3d 805, 662 P.2d 910, 191 Cal.Rptr. 452 (1983) (en Banc); *ABA Standards for Criminal Justice* § 18–4.7 (Supp.1986). Some courts have held that credit for presentence time served is constitutionally required. *See generally Nissel v. Pearce,* 307 Or. 102, 764 P.2d 224 (1988) and cases cited therein. Most jurisdictions agree that an offender who receives consecutive sentences is entitled to presentence incarceration credit only once against the aggregate of all the sentences, while an offender sentenced to concurrent terms in effect receives credit against each sentence. *See, e.g., Endell v. Johnson,* 738 P.2d 769 (Alaska Ct.App.1987); *State v. Salazar,* 24 Ariz.App. 472, 539 P.2d 946 (1975); *Effinger v. State,* 380 N.W.2d 483

(Minn.1986). We adopt this majority rule in New Mexico because it gives effect to the legislative intent in enacting Section 31–20–12 and to the court's determination of whether to sentence consecutively or concurrently. *State v. Howard*, 108 N.M. 560, 775 P.2d 762 (Ct.App.1989). Otherwise, "the more crimes a defendant is convicted of, the more credit he would receive for presentence confinement," thus giving an advantage to defendants incarcerated prior to trial and defeating the purpose of the statute. *State v. Aaron*, 103 N.M. at 140, 703 P.2d at 917.

Defendant's reliance on *Ramzy* is misplaced. *Ramzy* is distinguishable from the fact situation in the instant case. In *Ramzy*, defendant was already convicted and sentenced in Case 1 and was awaiting an appeal when he committed the offense in Case 2. This caused the revocation of the Case 1 bond and he was immediately incarcerated. The court raised his bond on the Case 2 charges to an amount which he could not post. We held he was entitled to credit toward the Case 2 sentence although he also received credit on Case 1 for the same period of incarceration and was sentenced consecutively. This was because 1) defendant was not originally confined in either case, 2) Case 2 triggered and caused the bond revocation in Case 1, and 3) defendant was also confined on the Case 2 charges. *See State v. Orona.*

None of defendant's confinement in this case meets the *Ramzy* requirements for dual credit. Here, defendant entered into a plea and sentencing agreement regarding all three cases; they were consolidated for the purposes of sentencing and all three cases were before one judge. We find *Howard* and *Aaron* controlling under this fact situation. There we held that pursuant to Sections 31–20–12 and 33–2–39, dual credit should not be given for consecutive sentences.

### Hospital Confinement Time

■ On August 21, 1987, defendant's attorney filed a motion for determination of competency in each of the pending cases. On September 11, the court ordered an evaluation in each case and defendant was committed to the forensic unit of the State Hospital. On November 2, defendant was found mentally competent. Defendant argues the trial court erred in denying him presentence confinement credit on both Cases 2 and 3 for the time spent in forensic evaluation.

■ Confinement in a mental hospital after arrest constitutes "official confinement," as outlined in Section 31–20–12. *See State v. La Badie*, 87 N.M. 391, 534 P.2d 483 (Ct.App.1975). Defendant argues that since the evaluation related to his competency to stand trial in both Cases 2 and 3 and since he was ultimately sentenced in both cases, he is entitled to credit against each sentence. We disagree. We do not find the circumstances allow for dual credit in this instance. Defendant was already incarcerated pursuant to the revocation of his bond in Case 1 when the court ordered the evaluation. Cases 2 and 3 did not trigger or cause this period of incarceration. The evaluation of competency, however, related to charges for which he was ultimately sentenced, i.e., Cases 2 and 3. Thus, he is entitled to credit for this time, but only once toward the aggregate sentence. Both the defendant and the state agree the time involved is 53 days. The trial court awarded a total of 42 days; defendant is entitled to an additional 11 days credit.

### Credit for Confinement After Verdict and Plea Agreement

■ On November 13, 1987, a jury found defendant guilty in Case 2. Both the State and defendant agree that defendant should receive presentence confinement credit from this date until the date of sentencing, as his confinement was related to his conviction on Case 2. Since defendant remained in presentence confinement on Case 2 until the sentence was finally imposed on November 30, 1987, he is entitled to 18 days of credit toward his final sentence. As discussed below, the court granted 9 days of credit; defendant is entitled to an additional 9 days toward his aggregate sentence.

On November 25, 1987, defendant entered into a plea and disposition agreement: he pled guilty in Case 3 and agreed to consecutive sentencing on Cases 2 and 3 with the understanding that the state was to dismiss the charges in Case 1. Defendant argues that he should be given credit from this date to the date of sentencing. This period of confinement involves the same period as above. The plea agreement in Case 3 did not trigger this confinement. Defendant was already confined pursuant to the Case 2 conviction. He is not entitled to dual credit for this time.

▬ The court granted presentence confinement credit from November 25, the date of the plea agreement, to December 3, the date of defendant's transfer to Grants Correctional Facility, a total of 9 days. The state agreed. The record reveals, however, that the original judgment and sentence was filed on November 30, 1987, and in accordance with our presentence confinement credit statute, defendant is entitled to credit only until November 30. *See* § 31-20-12. This determination is because defendant's confinement ceased to be *presentence* confinement once the original judgment and sentence was filed on November 30 and became final. *See State v. Diaz*, 100 N.M. 524, 673 P.2d 501, *cert. denied*, 469 U.S. 1016, 105 S.Ct. 429, 83 L.Ed.2d 356 (1984).

### Confinement Due To "Bind Over" in Case Two

▬ Defendant claims he is entitled to credit for confinement related to Case 2 from April 30 to May 2, when he was arrested in response to the state's motion to revoke his release in Case 1. An examination of the record reveals the trial court revoked defendant's release in Case 1 based on his consumption of alcohol, contact with relatives, and the fact that he had been bound over for trial in Case 2. Since this confinement was related to the charges in Case 2 for which he was ultimately sentenced, he is entitled to an additional three days of credit. The confinement need not relate exclusively to Case 2. *State v. Ramzy; State v. Barefield.*

### C. Credit for All Confinement After the Arrest in Case Two:

Defendant's alternative argument is that he should be given credit for all the time spent in official confinement after the arrest on Case 2 for a total of 201 days even though much of this confinement related only to the bond revocation in Case 1.

In arguing for credit for confinement time spent on Case 1, defendant states that if it is denied, the prosecutor will be able to hold an accused for long periods of time on one charge, convict on other charges, then dismiss the one charge defendant was held on and effectively deny the accused credit. Our statute, however, does not permit credit on an unrelated charge. § 31-20-12. The determinative issue for presentence confinement credit is whether the basis for the confinement was actually related to the charge upon which the final conviction and sentence are based. *State v. Page; State v. Ramzy.* Furthermore, in negotiating a plea bargain, both parties have their respective bargaining positions. Defendant could have insisted on entering a plea on Case 1, thus receiving credit for presentence confinement related to that case.

### II. STACKING PAROLE PERIODS:

▬ Lastly, defendant contends, and the state agrees, the trial court erred in stacking his parole periods after the service of his consecutive sentences. The trial court sentenced defendant to a total of 16 years to be served consecutively followed by 4 years on parole. The case of *Brock v. Sullivan*, 105 N.M. 412, 733 P.2d 860 (1987), directly addressed this issue and held that in the case of consecutive sentencing, the parole period of each offense commences immediately after the period of imprisonment for that offense, and such parole time will run concurrently with the running of any subsequent basic sentence being served. In light of this, the trial court erred when it stacked defendant's parole periods after the service of his consecutive sentences.

In conclusion, the trial court is reversed and this cause is remanded with instruc-

tions to grant defendant an additional 24 days credit in accordance with this opinion. The trial court is also ordered to have the parole in Case 2 run concurrently with the basic sentence in Case 3.

IT IS SO ORDERED.

DONNELLY and HARTZ, JJ., concur.