865 P.2d 1224

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Pablo BARRIOS, Defendant–Appellant.**

No. 14759.

Court of Appeals of New Mexico.

Nov. 2, 1993.

Tom Udall, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Sheila Lewis, Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

FLORES, Judge.

Defendant appeals from the trial court's denial of his request for presentence confinement credit. Our calendar notice proposed summary reversal. The State filed a timely memorandum in opposition to proposed summary reversal. The State then filed a motion to submit a corrected memorandum. We grant the State's motion and consider the corrected memorandum. Having found the State's memorandum unpersuasive, we reverse.

### FACTS

Law enforcement officers attempted to arrest Defendant for a residential burglary and larceny that occurred in Anthony, New Mexico. Defendant ran into Texas while officers were chasing him. Defendant was ultimately arrested in Texas on the same day, January 5, 1992, for evading a police officer and for being a fugitive from justice based on the New Mexico charges. A "no bond" hold was placed on Defendant in reference to the New Mexico charges.

On January 15, 1992, Defendant was booked in Texas on an outstanding unrelated Texas warrant for burglary, and bond was set on that charge at $10,000. Defendant was unable to make the bond. He remained in custody in El Paso, Texas, until the Texas burglary charge was dismissed on December 7, 1992. During this time Defendant was being held as a fugitive from New Mexico.

On or before December 7, 1992, Defendant waived extradition and was brought to New Mexico to face the original burglary and larceny charges. Defendant pled guilty to residential burglary and the larceny charge was dismissed pursuant to the plea agreement. Defendant argued at sentencing that he should receive presentence confinement credit from January 5, 1992, the date of his initial arrest in Texas, to the date of sentencing. The trial court only awarded him credit from December 7, 1992, the date when the Texas charge was dismissed, forward. The sole issue raised by Defendant on appeal is whether the trial court erred in denying him presentence confinement credit for the period of time from his arrest on New Mexico charges in Texas on January 5, 1992, to the time when the Texas charges were dismissed on December 7, 1992.

### DISCUSSION

NMSA 1978, Section 31–20–12 (Repl.Pamp.1990) requires courts to award presentence confinement credit for time spent in official custody before the disposition of charges, as long as the presentence confinement is related to the charge on which the conviction is based. *State v. Miranda,* 108 N.M. 789, 791–92, 779 P.2d 976, 978–79 (Ct.App.), *cert. denied,* 108 N.M. 771, 779 P.2d 549 (1989); *State v. Ramzy,* 98 N.M.

436, 437–38, 649 P.2d 504, 505–06 (Ct.App. 1982). This Court has held that it is not necessary that the confinement in question relate exclusively to the charges against which a defendant seeks credit. *Miranda,* 108 N.M. at 792, 779 P.2d at 979; *Ramzy,* 98 N.M. at 438, 649 P.2d at 506.

■ The State concedes that Defendant was denied bond based on his fugitive status. The main argument made by the State is that, since bond was set at $10,000 in the Texas case and Defendant could not make this bond, the fact of the "no bond" hold due to the New Mexico charges did not affect Defendant's ability to be released. The State focuses on Defendant's inability to make the Texas bond. The State argues that Defendant's confinement was, therefore, related to the Texas bond rather than the New Mexico charges. This argument overlooks the fact that, even if Defendant could have made the Texas bond, his confinement would have continued based on the "no bond" hold due to the New Mexico charges. Moreover, it is not necessary that the confinement in question relate exclusively to the charges against which a defendant seeks credit. *Id.*

In the present case, Defendant was held in official custody beginning on January 5, 1992, on New Mexico charges of residential burglary and larceny. Although Defendant was booked on January 15, 1992, on an unrelated outstanding Texas charge, he nevertheless remained in official custody due to the New Mexico charges on which he was ultimately convicted and sentenced in this case. During the entire time Defendant was in custody in Texas, he was being held as a fugitive from New Mexico and he had a "no bond" hold placed on him in reference to the New Mexico charges. Therefore, Defendant's confinement in official custody from January 5, 1992, until his sentencing, was related to the New Mexico charge which is the subject of this appeal. Accordingly, we hold that the trial court erred in failing to credit Defendant with the time from January 5, 1992, to December 7, 1992, as presentence confinement credit against the sentence ultimately imposed in this case.

## CONCLUSION

We reverse and remand with instructions that Defendant be credited with presentence confinement consistent with this opinion.

IT IS SO ORDERED.

APODACA and BLACK, JJ., concur.