IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                                    No. 28,759

ISAAC MONTOYA,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Lisa Bozone, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals his conviction for leaving the scene of an accident. We issued a notice of proposed summary disposition, proposing to uphold the conviction and sentence. Defendant filed a memorandum in opposition that we duly considered. Because we remain unpersuaded, we affirm.

In his memorandum in opposition, Defendant renews all of the issues advanced in his docketing statement. We address each in turn.

First, Defendant contends that he was improperly denied presentence confinement credit. [MIO 8-12] Presentence confinement credit is only awarded if the confinement is a direct result of the felony for which credit is sought. *See State v. Facteau*, 109 N.M. 748, 750, 790 P.2d 1029, 1031 (1990) (discussing precedent for the proposition that credit may properly be awarded only if the confinement was a direct result of the offense). As described in our notice of proposed summary disposition, Defendant was not confined as a direct result of leaving the scene of an accident. To the contrary, the record reflects that he was confined for an unrelated offense committed in Valencia County. [DS 2; RP 152-53] Because the confinement was not actually related to the felony conviction at issue in this case, Defendant is not entitled to presentence confinement credit. *See generally State v. Miranda*, 108 N.M. 789, 794, 779 P.2d 976, 981 (Ct. App. 1989) ("The determinative issue for presentence confinement credit is whether the basis for the confinement was actually related to the charge upon which the final conviction and sentence are based.").

In his memorandum in opposition, Defendant suggests that the confinement was related to the underlying conviction, on grounds that he was "released third party on

the Valencia County charges" but he remained in custody as a consequence of the pendency of the charges in this case. [MIO 2, 10] However, Defendant provides no support for this assertion. Although we generally accept representations contained in memoranda in opposition, in this case, Defendant's assertion conflicts with his statements to the district court. Below, Defendant indicated that he was arrested on the Valencia County charges and booked into the Valencia County detention center on March 9, 2007, before the Bernalillo County warrant at issue was issued in relation to this case around March 13 or 14, 2007, and he remained in custody on the Valencia County charges until July 5, 2007, which was subsequent to the cancellation of the warrant on June 29, 2007. [RP 152-53] Defendant acknowledged that his counsel was informed by the Valencia County records supervisor that the County had no written record showing that Defendant was being held there on the Bernalillo County warrant. [RP 152-53] As a consequence, we are unable to entertain Defendant's recent assertion that he was released from custody in relation to the Valencia County charges but remained in custody because the charges at hand were pending. *See generally State v. Salazar*, 2006-NMCA-066, ¶ 9, 139 N.M. 603, 136 P.3d 1013 ("[P]arties cannot change their arguments on appeal."); *State v. Vincent*, 2005-NMCA-064, ¶ 9, 137 N.M. 462, 112 P.3d 1119 ("[U]nless the facts necessary

3

to consider a contention are in the record on appeal, we cannot consider the claim."); *Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 ("As a court of review, we cannot review [a party's] allegations which were not before the district court.").

Alternatively, we understand Defendant to take the position that the confinement was related to both the Valencia County charges and the offense at issue in this case. [MIO 9-11] *See State v. Ruiz*, 120 N.M. 420, 420, 902 P.2d 575, 575 (Ct. App. 1995) ("[A]s long as the confinement is related to the charges for which the defendant is ultimately sentenced, credit must be given, even if the confinement is not exclusively related to those charges."). However, in light of Defendant's continuous custody in relation to the Valencia County charges, we perceive no relationship between Defendant's confinement and the charge of leaving the scene of an accident.

Therefore, we conclude that Defendant's request for presentence confinement credit was properly denied. *See Miranda*, 108 N.M. at 792, 779 P.2d at 979 ("[I]f the confinement is not related to the charges for which defendant seeks credit, he is not entitled to credit."). This, in turn, eliminates any basis for Defendant's related challenge to the scope of the district court's sentencing authority. [MIO 11-12]

Next, Defendant renews his challenge to the reinstatement of the metropolitan court's sentence, contending that restitution should not have been ordered without a hearing to determine the reasonableness of restitution. [MIO 12-14]

As we explained in our notice of proposed disposition, formal restitution hearings are not required. *See generally* NMSA 1978, § 31-17-1 (2005); *see also State v. Lack*, 98 N.M. 500, 506, 650 P.2d 22, 28 (Ct. App. 1982) ("Under [Section] 31-17-1, . . . a full evidentiary hearing . . . is not contemplated as a prerequisite for the trial judge to require restitution."). Rather, the courts are merely required to consider previously prepared restitution plans in light of a variety of pertinent factors. *See* § 31-17-1(B), (E). In this case, the record reflects that a restitution plan was incorporated in a presentence report, which was submitted to the metropolitan court for its consideration. [RP 78, 105] This was a permissible approach. *See, e.g.*, *State v. Palmer*, 1998-NMCA-052, ¶¶ 15-16, 125 N.M. 86, 957 P.2d 71 (upholding the imposition of restitution, based upon information submitted to the court in the form of a presentencing report).

In his memorandum in opposition, Defendant contends that the metropolitan court proceedings cannot be relied upon to support the award of restitution because the appeal to the district court was conducted de novo. [MIO 13-14] However, the

district courts lack statutory authority to alter sentences imposed in metropolitan court. *See State v. Lyon*, 103 N.M. 305, 310, 706 P.2d 516, 521 (Ct. App. 1985) (observing that the district courts lack authority to impose greater or lesser sentences in de novo appeals from metropolitan court convictions). As a result, the district court was not at liberty to reopen the restitution issue. Thus, no hearing was required.

Finally, Defendant renews his challenge to the sufficiency of the evidence to support his conviction for leaving the scene of an accident. [MIO 14-16]

As we outlined in our notice of proposed summary disposition, the State presented the testimony of a series of witnesses. The first among them was an eyewitness to the underlying events. [DS 2] He described an accident caused by a pickup truck that ran a red light. [DS 2] After the crash, he testified that he saw two individuals fleeing the scene, both of whom were promptly apprehended by police officers. [DS 3] The second witness was the passenger in the vehicle with which the pickup truck collided. [DS 3] She testified that she saw the pickup truck run the red light. [DS 3] She further explained that she saw the driver of the pickup truck in profile, and she identified Defendant in open court as the driver. [DS 3] The third witness was a police officer who happened to be at the scene of the accident when it occurred. [DS 4] He testified that he saw the driver and that Defendant's physical

characteristics were consistent with the characteristics of the individual he saw in the driver's seat of the pickup. [DS 4-5] The officer then identified Defendant in open court. [DS 5] The officer further stated that he and another officer pursued the fleeing occupants of the pickup truck and apprehended them. [DS 5] Finally, the officer testified that Defendant made a statement to the effect that he was merely giving the other individual a ride. [DS 5]

As we observed in our notice of proposed disposition, the testimony of the second and third witnesses was sufficient to establish Defendant's identity as the driver of the pickup that was involved in an accident. The testimony of the first and third witnesses was sufficient to establish that Defendant fled the scene of the accident. This provided ample support for Defendant's conviction. *See generally* NMSA 1978, § 66-7-202 (1978).

In his memorandum in opposition, Defendant contends that his conviction should be overturned because the evidence is equally consistent with innocence. [MIO 15-16] However, this specific standard of reviewing the evidence has been disavowed by our Supreme Court. *See State v. Garcia*, 2005-NMSC-017, ¶ 18, 138 N.M. 1, 116 P.3d 72.

Defendant also continues to attack the credibility of the State's witnesses, to dispute the weight of their testimony, and to rely on countervailing evidence. [MIO 15-16] However, as we explained in our notice, none of these considerations are capable of undermining the conviction. *See generally State v. Foxen*, 2001-NMCA-061, ¶ 17, 130 N.M. 670, 29 P.3d 1071 (observing that a defendant's attack on the sufficiency of the evidence provided no reasonable basis for reversal given that his arguments were based upon his particular view of the credibility of the prosecution's witnesses and based upon his view of the weight of the evidence against him).

For the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**


_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**ROBERT E. ROBLES, Judge**