This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                        **NO. 30,655**

**RONALD LUSK,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Robert M. Schwartz, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant is appealing from a district court judgment and sentence filed after he entered a plea of no contest to sexual exploitation of children (manufacturing). We issued a calendar notice proposing to reverse. The State has filed a motion to dismiss the appeal and, alternatively, a memorandum in opposition. We hereby deny the State's motion to dismiss. *See State v. Fairbanks*, 2004-NMCA-005, ¶ 17, 134 N.M. 783, 82 P.3d 954 (rejecting the state's argument because it is "asking this Court to read language into the plea to find that the [d]efendant agreed to an illegal sentence" (emphasis omitted)). We reverse the district court and remand for re-sentencing.

Defendant's sole issue is that he should have received presentence confinement credit back to the date of his original arrest, instead of from the date of the indictment. The pertinent statute provides, "A person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or a lesser included offense, be given credit for the period spent in presentence confinement against any sentence finally imposed for that offense." NMSA 1978, § 31-20-12 (1977). This provision has been interpreted to allow for presentence confinement credit only if the confinement was a direct result of the felony for which credit is sought. *See State v. Facteau*, 109 N.M. 748, 750, 790 P.2d 1029, 1031 (1990) (discussing precedent for the proposition that credit may properly be awarded only if

the confinement was a direct result of the offense). We consider three factors: (1) whether defendant was originally confined, (2) whether the charges related to the sentence triggered the confinement, and (3) whether bond was set in the case related to the sentence. *Id.*

Here, Defendant was arrested on May 12, 2008, for allegedly violating his parole in three ways: committing the crime that is the basis of the current judgment and sentence, possessing a knife, and failing to report. [MIO 6; DS 2] The parole board revoked Defendant's parole on these grounds, and Defendant completed his remaining parole period in prison. [DS 2] In sentencing Defendant in the present case, the district court determined that, although the parole violation revocation related to this case, Defendant was not entitled to presentence confinement credit because there were two other violations related to parole revocation. [DS 3].

Under these circumstances, our calendar notice proposed to hold that the district court improperly denied Defendant presentence confinement credit. *See generally State v. Miranda*, 108 N.M. 789, 794, 779 P.2d 976, 981 (Ct. App. 1989) ("The determinative issue for presentence confinement credit is whether the basis for the confinement was actually related *to* the charge upon which the final conviction and sentence are based." (emphasis added)). A defendant may be entitled to presentence confinement credit even if the confinement is not *exclusively* related to the charges for

which the defendant is ultimately sentenced. *See State v. Ruiz*, 120 N.M. 420, 420, 902 P.2d 575, 575 (Ct. App. 1995) ("[A]s long as the confinement is related to the charges for which the defendant is ultimately sentenced, credit must be given, even if the confinement is not exclusively related to those charges."). There must be *some* relationship between the confinement and those charges. *See Miranda*, 108 N.M. at 792, 779 P.2d at 979 ("[I]f the confinement is not related to the charges for which [the] defendant seeks credit, he is not entitled to credit."); *cf. State v. Romero*, 2002-NMCA-106, ¶ 13, 132 N.M. 745, 55 P.3d 441 (noting that the *Facteau* three-part test is applicable where there are separate sentencing proceedings).

In its memorandum in opposition, the State argues that, because Defendant was on parole at the time the criminal sexual exploitation and other violations occurred, the revocation was merely an increase in the onerousness of his custody. The State relies on *Ruiz*, 120 N.M. at 421, 902 P.2d at 576. [MIO 6-7] However, the defendant in *Ruiz* was already incarcerated, and a change in the conditions of his incarceration was the only thing related to the subsequent offense. *Id.* We disagree with the State's argument that parole is the equivalent of incarceration. We also disagree with the State's contention that defendants who commit crimes while on parole will receive a windfall through double credit. As discussed above, it is true that some defendants in varying circumstances will receive double credit. The result in some cases,

4

however, does not change the express language of the presentence confinement statute and our well-established case law.

For the reasons stated above, we reverse and remand for re-sentencing.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**TIMOTHY L. GARCIA, Judge**