This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40591**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**TESAIN WATSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Court Judge**

Raúl Torrez, Attorney General
Lindsay Stuart, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}**     Defendant Tesain Watson appeals the district court's calculation of presentence confinement credit in relation to charges that Defendant acquired while on probation in a different case (Case One). Defendant argues that her probation was revoked in Case One based on the charges in the current case (Case Two), and as a result, the time she spent confined in Case One after her probation violation should have also been credited toward her sentence in Case Two. Finding no error, we affirm.

## I.    BACKGROUND

**{2}**    In September 2019, Defendant entered a plea in Case One and was sentenced to three years' probation and drug court. Afterward, Defendant violated the conditions of probation on three separate occasions, and the State filed three separate petitions to revoke Defendant's probation. The State's first petition to revoke Defendant's probation (PV-1) alleged a positive drug test, the second petition (PV-2) was filed when Defendant was terminated from the adult drug court, and the third petition (PV-3) was filed after Defendant was arrested for the two drug-related offenses charged in Case Two.

**{3}**    At a later hearing in Case One, the district court found that Defendant violated her probation as alleged in the PV-2 petition and sentenced her to incarceration of three years, five months, and twenty-four days. At the same hearing, the State declined to proceed on PV-3. Defendant subsequently pleaded guilty in Case Two and was sentenced to eight years' incarceration. Defendant requested presence confinement credit for "all incarceration occurring after" July 31, 2020, the date she was arrested for Case Two and argued that PV-3 and the Case Two charges "colored" the Case One district court's decision to revoke probation when sentencing Defendant for PV-2. As a result, Defendant maintained that the incarceration for Case One was "directly and proximately related to the existence of" Case Two. The district court disagreed and awarded presence confinement credit from July 31, 2020 to December 2, 2020, the date that Defendant was sentenced for PV-2 in Case One. Defendant appeals the denial of presence confinement credit in the present case, Case Two, for the period between December 2, 2020 and May 9, 2022, the date of the Case Two sentencing.

## II.    DISCUSSION

**{4}**    We review the district court's determination of presence confinement credit de novo. *See State v. French*, 2021-NMCA-052, ¶ 9, 495 P.3d 1198. Presence confinement credit is governed by NMSA 1978, Section 31-20-12 (1977), which states that "[a] person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or a lesser included offense, be given credit for the period spent in presence confinement against any sentence finally imposed for that offense." Generally, under Section 31-20-12, "credit is required as long as the presence confinement is related to the charge on which the conviction is based." *State v. Miranda*, 1989-NMCA-068, ¶ 7, 108 N.M. 789, 779 P.2d 976; *see also State v. Ramzy*, 1982-NMCA-113, ¶ 8, 98 N.M. 436, 649 P.2d 504 (identifying as "the decisive factor" whether "confinement was actually related to the charges of that particular case"). To determine whether the confinement is actually related to the charges, we consider three factors: "(1) whether defendant was originally confined[;] (2) whether the charges [in case two] triggered the confinement [in case one;] and (3) whether bond was set in the case related to the sentence." *State v. Romero*, 2002-NMCA-106, ¶ 11, 132 N.M. 745, 55 P.3d 441. The record establishes the first and third factors. Defendant was not originally confined at the time of her arrest for charges in Case Two, which led to PV-3. And although the Case Two district court set a bond, Defendant remained in custody after her arrest. At issue is the second prong of the test, which "requires a

cause-and-effect relationship whereby case two 'triggers and causes' the defendant's confinement *in case one*." *State v. Herrera*, 2024-NMCA-025, ¶ 27, 544 P.3d 260. The "key to concluding that the confinement is directly attributable to both cases" is "[t]his cause-and-effect relationship." *Id.* In the present case, the parties dispute whether the charges in Case Two, which triggered PV-3 in Case One, were related to the confinement in Case One.

**{5}** Defendant argues that Case Two caused her confinement in Case One because during the probation violation sentencing in Case One, the district court stated, referring to PV-2, that "just based on this alone, it's conceivable that I would reinstate with a treatment program—with an in-patient treatment program." Based on this language, Defendant maintains that the presentence incarceration in Case Two "was at least 'partly' based on the new charges in PV-3." *See Ramzy*, 1982-NMCA-113, ¶ 11 (observing that the "incarceration and confinement for the period in question was undoubtedly partly, if not totally, cause by [c]ase [t]wo charges"). The State responds that (1) the Case One district court stated that it was "not making findings as to what's alleged in the petition for third probation revocation" and explicitly asserted that PV-2 was at issue; (2) PV-3 was dismissed; and (3) the Case One district court's comments were in the context of locating an appropriate treatment program for Defendant as an alternative to incarceration on the probation violation. We agree with the State.

**{6}** At the time of sentencing for Case Two, Defendant's confinement in Case One was not attributable to Case Two. The State abandoned PV-3 immediately after Defendant was sentenced for PV-2, and the Case One district court disavowed any reliance on PV-3 as a basis for revoking the Case One probation and incarcerating Defendant. Thus, between December 2, 2020, when Defendant was sentenced in Case One for PV-2 and May 9, 2022, Defendant was incarcerated only for PV-2 and not for either PV-3 or Case Two. As a result, Defendant was not entitled to presentence confinement credit in Case Two for the time from December 2, 2020, until the Case Two sentencing on May 9, 2022. *See State v. Facteau*, 1990-NMSC-040, ¶¶ 3, 6-7, 109 N.M. 748, 790 P.2d 1029 (denying presentence confinement credit because the confinement was for a previous, unfulfilled sentence on a different charge and was not related to the charge for which credit was sought); *State v. Brewton*, 1971-NMCA-120, ¶ 1, 83 N.M. 50, 487 P.2d 1355 (denying a defendant presentence confinement credit because confinement during the requested period "was pursuant to [the defendant's] prior sentence").

**CONCLUSION**

**{7}** For the foregoing reasons, we affirm the district court's calculation of presentence confinement credit.

**{8}** **IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**