**STATE of Utah, Plaintiff and Respondent,**

v.

**Johnnie Wendell WALKER, Defendant and Appellant.**

**No. 18014.**

Supreme Court of Utah.

June 2, 1982.

---

Scott Jay Thorley, J. Philip Eves, Cedar City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

The defendant was convicted by a jury of burglary[1] and theft.[2] On appeal, he con-

1. In violation of U.C.A., 1953, 76–6–202.

2. In violation of U.C.A., 1953, 76–6–404.

tends that the trial court erred in giving a "clarifying instruction" as to the meaning of the word "obtained" when, after the jury had retired to deliberate, its foreman made a request in writing for such clarification.

The defendant was charged, along with Ronald Richardson and his wife, of the burglary of a mobile home owned by one Micucci. The evidence before the jury was that the defendant owned a truck, told the Richardsons of the mobile home and the fact that its owners had left it unoccupied during the winter. Defendant drove the Richardsons to the site of the home, left, and returned an hour later. He and the Richardsons loaded the truck with Micucci's furniture, then drove away and divided it.

Defendant claimed that he had loaned the truck to the Richardsons, and had nothing to do with the burglary. He claims to have loaned the truck to them on other occasions and that he had seen them hauling furniture in it. He said he retained several items of furniture, which proved to be part of that taken from the Micucci home, claiming it as compensation for use of the truck.

The instruction objected to and said to be offensive and prejudicial is reflected in the trial court's statement that:

> The record will show that the Court has had marked as Court's Exhibit No. 2 the question submitted by the Bailiff to be answered by the Court. The question reads as follows, "Clarification of instruction number 25 relative to legal definition of 'obtained' as described in paragraph 3 of instruction number 19." "Obtained" is underlined, and that's been marked as Court's Exhibit 2 in evidence. The Court has answered that question with the following language, and this is marked Court's Exhibit No. 3, "You are instructed that in answer to your question submitted by the Bailiff, that as used throughout these instructions of the law, the word 'obtained' simply means and refers to a bringing about, a transfer of possession or some other legally-recognized interest in property, whether to the obtainer or to another person. Stated another way, *it simply means to get hold of, to take illegal possession of property belonging to another, to keep or to possess.*" And that's the answer, and you may make your record. [Emphasis added.]

Defendant's specific objection is that, contrary to the language of the clarifying instruction, the word "obtain" has no connotation of illegality or legality. It could be fairly said that by equating the word with "illegal possession," the court has effectively *increased* the state's burden of proof.

Furthermore, it is of note that the jury specifically had asked the court for clarification of instruction *number 19*. In that instruction, the trial court required the jury to find two facts: (1) that defendant "obtained" *and* (2) that he "exercised control over the property." Such instruction actually required the jury to find more than was necessary to convict, since U.C.A., 1953, 76–6–404 requires finding only one of two disjunctives, "obtained" *or* "exercised unauthorized control" over the property of another with a purpose to deprive him thereof. The jury could therefore find defendant guilty without ever finding that he "obtained" the property, so long as he exercised unauthorized control thereof. Any error in giving the instruction is therefore rendered harmless.[3]

The verdicts and judgments are affirmed.

HOWE, J., concurs in the result.

---

**3.** U.C.A., 1953, 77–35–30(a). See also Rule 61,  Utah Rules of Civil Procedure.