This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                               **No. 34,579**

**ALEX SERTUCHE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Kea W. Riggs, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
J. K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}     Defendant appeals from the district court's judgment and sentence, entered following his convictions at trial by jury of aggravated fleeing a law enforcement

officer, contrary to NMSA 1978, Section 30-22-1.1 (2003), and possession of a firearm or destructive device by a felon, contrary to NMSA 1978, Section 30-7-16 (2001). [DS 1; RP 298] This Court issued a calendar notice proposing summary affirmance. Defendant filed a memorandum in opposition to this Court's notice of proposed disposition and a motion to amend his docketing statement, both of which we have duly considered. We deny Defendant's motion to amend, and unpersuaded by the memorandum in opposition, we affirm.

{2}     Defendant raised three issues in his docketing statement, contending that the district court erred: (1) in denying his motions for directed verdict; (2) in denying presentence confinement credit for time spent in federal custody; and (3) in precluding Defendant from challenging at trial the law enforcement officers' compliance with "laws in pursuit." [DS 7]

{3}     With respect to Issue 1, we suggested in our calendar notice that based on the testimony as laid out in the docketing statement and summarized in our proposed disposition, viewed in the light most favorable to the guilty verdict, it appeared that there was ample evidence presented to support each element of both offenses. [CN 5] We therefore proposed to affirm the district court's denial of Defendant's motions for directed verdict and to conclude that Defendant's convictions were supported by sufficient evidence. [CN 5]

{4}     Defendant's memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary

calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, Defendant continues to argue, pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1, that the evidence presented at trial was insufficient to prove that he committed the offense of aggravated fleeing. [MIO 8] Because Defendant has not met his burden to clearly demonstrate error, we are not convinced that we erred on this point. Furthermore, to the extent that Defendant did not oppose our proposed disposition as to the sufficiency of the evidence to support his conviction for possession of a firearm by a felon, we deem that issue abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

{5}     With respect to Issue 2, we proposed in our calendar notice to conclude that the district court did not err in denying Defendant presentence confinement credit for time spent in federal custody on what appeared to be charges unrelated to those in the instant case. [CN 6] *See State v. Ramzy*, 1982-NMCA-113, ¶ 8, 98 N.M. 436, 649 P.2d 504 (stating that the decisive factor in allowing credit for presentence confinement in a case is whether the confinement was "actually related to the charges of that particular case"). We noted in our calendar notice that aside from the bare assertion that the "federal and state charges were related" [DS 8], Defendant had provided this Court with no facts on which we could examine this issue. [CN 5-6] We further noted that the district court made a factual finding that Defendant was taken into federal

3

custody "based on unrelated charges filed by the United States" [RP 290] and we suggested that this factual finding appeared to be supported by evidence in the record. [CN 6] In his memorandum in opposition, Defendant clarified to this Court that he was taken into federal custody on "charges that did not arise out of his conduct during the car chase with police . . . ." [MIO 9] Therefore, we conclude that the district court did not err in denying Defendant presentence confinement credit for time spent in federal custody on unrelated charges.

{6}     With respect to Issue 3, Defendant continues to ask this Court to overrule *State v. Padilla*, 2008-NMSC-006, ¶ 34, 143 N.M. 310, 176 P.3d 299, [MIO 10-11] a case in which our Supreme Court held that law enforcement compliance with pursuit policy is "not an essential element of the crime of aggravated fleeing." As we noted in our calendar notice, we are bound by Supreme Court precedent. *See State v. Glascock*, 2008-NMCA-006, ¶ 26, 143 N.M. 328, 176 P.3d 317. Thus, we conclude that the district court did not err in precluding Defendant from challenging at trial the law enforcement officers' compliance with "laws in pursuit." Further, because we have no authority to do so, we decline Defendant's invitation to reverse *Padilla*.

{7}     Lastly, Defendant has moved to amend his docketing statement to add the following issue: that the jury was improperly instructed as to the elements of aggravated fleeing. [MIO 1] *See* Rule 12-208(F) NMRA (permitting the amendment of the docketing statement based upon good cause shown); *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (setting out requirements for a successful motion to amend the docketing statement). The essential requirements

4

to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

{8}     Specifically, Defendant argues that the instruction given to the jury in this case omits an essential element of the crime of aggravated fleeing. [MIO 4] The instruction required the jury to find beyond a reasonable doubt that: (1) Defendant operated a motor vehicle; (2) Defendant drove willfully and carelessly in a manner that endangered the life of another person; (3) Defendant had been given a visual or audible signal to stop by a uniformed law enforcement officer in an appropriately marked law enforcement vehicle; (4) Defendant knew that a law enforcement officer had given him an audible or visual signal to stop; and (5) this happened in New Mexico on or about the 19th day of February, 2013. [RP 231] Defendant contends that this instruction therefore did not require the jury to find that Defendant continued to drive willfully and carelessly "in a manner that endangers the life of another person after being given a visual or audible signal to stop . . . by a uniformed law enforcement officer . . . ." [MIO 4] *See* § 30-22-1.1(A).

{9}     In essence, Defendant's argument relies on the absence of specific language in the instruction indicating that Defendant's willful and careless driving—the fleeing—must continue "after" being given a signal to stop by law enforcement

officers, as required by statute. [MIO 4] In the absence of such language, Defendant contends that a defendant could be convicted of the crime of aggravated fleeing even though he promptly ceased his willful and careless driving upon being signaled to stop by law enforcement. [MIO 6] Consequently, Defendant urges this Court to determine that fundamental error occurred by the failure to properly instruct the jury on this count, and to reverse. [MIO 7]

{10} Even if we were to assume that Defendant is correct in his assertion that the instruction in this case omitted an essential element of the offense, it does not necessarily follow that fundamental error occurred. In *State v. Orosco*, 1992-NMSC-006, ¶ 12, 113 N.M. 780, 833 P.2d 1146, our Supreme Court stated that "[t]he rule of fundamental error applies only if there has been a miscarriage of justice, if the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand, or if substantial justice has not been done." The Court went on to say that "[c]learly, when a jury's finding that a defendant committed the alleged act, under the evidence in the case, necessarily includes or amounts to a finding on an element omitted from the jury's instructions, any doubt as to the reliability of the conviction is eliminated and the error cannot be said to be fundamental." *Id*. Accordingly, "[t]he trial court's error in failing to instruct on an essential element of a crime for which [a] defendant has been convicted, where there can be no dispute that the element was established, therefore does not require reversal of the conviction." *Id*.

{11} In this case, there is no dispute that Defendant drove in a willful and careless manner that endangered the life of another after being signaled to stop by law

6

enforcement. Specifically, the testimony at trial was that Chaves County Sheriff's Deputies Valderaz and Ramirez approached a location in order to arrest Defendant on outstanding warrants, and as they did so, they observed a Hispanic male run and jump into a truck with a small trailer attached. [DS 2; MIO 2] The driver, later identified as Defendant, accelerated away at a high rate of speed without due regard for other traffic and proceeded through a series of stop signs without stopping. [DS 2; MIO 2] Officers were in pursuit with lights and sirens engaged. [DS 3; MIO 2] Defendant did not stop in response to the officers, but rather continued to proceed at high rates of speed and to run through stop signs. [DS 3; MIO 2] At some point during the pursuit, Defendant began to swerve from lane to lane; Deputy Valderaz believed that Defendant was possibly attempting to disengage the attached trailer in order to cause the pursuing officers to have an accident. [DS 3]

{12} Defendant continued to drive through fields and roads at high rates of speed. [DS 3-4] An officer contacted dispatch in order to place East Grand Plains School on a lockdown for the children's safety. [DS 3; MIO 3] During one of Defendant's trips through a field, Deputy Valderaz observed him throw what appeared to be a weapon out of the window. [DS 4; MIO 3] The object was later discovered by a civilian near where Defendant was observed discarding it from the vehicle and it was identified as a firearm. [DS 6] It appears that at least two attempts were made by law enforcement to "spike" Defendant's car. [DS 5] Finally, the pursuit ended when Defendant "bailed out" and fled on foot. [DS 5; MIO 3]

{13} As in *Orosco*, the record as to Defendant's continued fleeing after being

7

signaled to stop by law enforcement "was undisputed and indisputable, and no rational jury could have concluded that [Defendant] had committed the acts without also determining that the acts were performed in the manner proscribed by law." *Orosco*, 1992-NMSC-006, ¶ 20. Therefore, even assuming that there was an error in the jury instructions, the error was not fundamental and does not require reversal. Consequently, this issue is not viable and does not satisfy the requirements for the granting of a motion to amend the docketing statement. Defendant's motion to amend is denied.

{14}     Accordingly, for the reasons stated above, as well as those provided in our calendar notice, we affirm.

{15}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**M. MONICA ZAMORA, Judge**