# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2021-NMCA-052

Filing Date: July 27, 2021

No. A-1-CA-37792

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JUSTIN FRENCH,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert J. Mitchell, Jr., District Judge**

Released for Publication October 12, 2021.

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**HENDERSON, Judge.**

**{1}** Following a jury trial, Defendant Justin French was convicted of possession of methamphetamine, aggravated fleeing of a law enforcement officer, and resisting, evading or obstructing an officer. Defendant raises two issues on appeal. First, he appeals the district court's ruling on presentence confinement credit. Second, he appeals his convictions for aggravated fleeing of a law enforcement officer and resisting, evading or obstructing an officer on the grounds that these convictions violate his protection against double jeopardy. We reverse the district court's ruling on

presence confinement credit and Defendant's conviction for resisting, evading or obstructing an officer. We remand the case to the district court with instructions to enter an amended judgment and sentence and to vacate Defendant's conviction for resisting, evading or obstructing an officer.

## BACKGROUND

**{2}** On September 8, 2017, Defendant led law enforcement officers on a vehicle chase from Logan, New Mexico to Tucumcari, New Mexico. After stopping, Defendant exited the vehicle and ran away from the officers. Following a foot chase, an officer located Defendant in a shed. The officer detained Defendant, and upon performing a pat down of Defendant's person, found suspected methamphetamine tucked in Defendant's sock.

**{3}** Defendant was charged with, among other things, possession of methamphetamine, aggravated fleeing of a law enforcement officer, and resisting, evading or obstructing an officer. At the time of his arrest in the instant case, Defendant was serving a term of probation in two separate criminal cases, D-1010-CR-2016-00092[1] (PV-1) and D-1010-CR-2016-00094 (PV-2).

**{4}** On July 18, 2017, before Defendant engaged in the conduct that gave rise to the charges against him in the instant case, the State petitioned the district court to revoke Defendant's probation in PV-1, alleging that he had violated the terms of his probation by failing to report to probation and submit reports in the manner required, and that he had absconded. The district court issued a bench warrant with a no bond hold for alleged probation violations in that case. Defendant was booked into custody on that warrant on September 8, 2017—the date of his arrest in the instant case. Pursuant to a stipulated pretrial detention order entered that same day, Defendant was held without bond for the charges in the instant case. On September 19, 2017, the State petitioned the district court to revoke Defendant's probation in PV-2, alleging that Defendant had violated the terms of his probation by engaging in the conduct that resulted in the charges in the instant case. That same day, the State similarly amended its petition to revoke Defendant's probation in PV-1, alleging, in addition to the allegations outlined above, that Defendant violated the terms of his probation by engaging in the conduct that resulted in the charges in the instant case.

**{5}** The district court arraigned Defendant on the charges in the instant case on October 10, 2017, and entered an order releasing Defendant on his own recognizance. However, the order also specified that Defendant was to be held in custody without bond for his alleged probation violations in PV-1 and PV-2. The district court stated that

---

[1]The State requests that we take judicial notice of the record proper in case No. A-1-CA-37100, which is Defendant's appeal from PV-1. Because that record is relevant to the issue of the calculation of Defendant's sentence in the instant case, we take judicial notice of it where necessary for our disposition here. *See State v. Turner*, 1970-NMCA-054, ¶ 25, 81 N.M. 571, 469 P.2d 720 (noting that we "take judicial notice of the records on file in this [C]ourt").

the effect of the order would deny Defendant presentence confinement in the instant case beginning that day.

{6}     On December 15, 2017, after a final revocation hearing, the district court revoked Defendant's probation in both PV-1 and PV-2. In PV-1, the violations tracked the allegations in the original petition to revoke probation filed on July 18, 2017. Notably, the district court did not find a violation based on the September 8, 2017 conduct that gave rise to the charges in the instant case. However, in PV-2, the district court did find violations based on the September 8, 2017 conduct. Defendant remained in custody until he was convicted of the charges in the instant case on July 31, 2018. At that time, the district court amended Defendant's conditions of release to a no-bond hold so that Defendant would begin earning presentence confinement credit.

{7}     The instant case proceeded to sentencing on September 25, 2018. At that time, the district court sentenced Defendant to eleven years, eleven months, and twenty-nine days of imprisonment, followed by one year of parole. The district court suspended three years, eleven months, and twenty-nine days of the sentence. Upon completion of imprisonment, Defendant was further sentenced to three years, eleven months, and twenty-nine days of probation, to run concurrently with his term of parole. The district court awarded Defendant ninety days of presentence confinement credit, which reflected the time he spent in custody between his arrest and arraignment in the instant case, and the time he spent in custody between the conclusion of his trial and his sentencing hearing in the instant case. He appeals.

## DISCUSSION

{8}     Defendant advances two arguments on appeal: (1) that the district court erroneously calculated his sentence in the instant case by denying him presentence confinement credit for the time spent in custody due to his probation violations; and (2) that his convictions for aggravated fleeing of a law enforcement officer and resisting, evading or obstructing an officer violate his protection against double jeopardy. We address each argument in turn.

## I.     The District Court Erred in Its Presentence Confinement Credit Calculation

{9}     The statute that governs awards of presentence confinement credit is NMSA 1978, Section 31-20-12 (1977), which provides, "A person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or a lesser included offense, be given credit for the period spent in presentence confinement against any sentence finally imposed for that offense." We review the district court's application of Section 31-20-12 de novo to determine whether Defendant "had a right to presentence credit." *State v. Romero*, 2002-NMCA-106, ¶ 6, 132 N.M. 745, 55 P.3d 441. Section 31-20-12 does not afford the district court discretion in awarding

presentence confinement credit.[2] *See Romero*, 2002-NMCA-106, ¶¶ 6-7 (noting that the statute "*requires* the district court to grant presentence confinement credit against a final sentence" and expressly rejecting an argument that such action is discretionary (emphasis added)); *State v. Miranda*, 1989-NMCA-068, ¶ 7, 108 N.M. 789, 779 P.2d 976 (noting that the district court is "required" to grant presentence confinement credit "as long as the presentence confinement is related to the charge on which the conviction is based").

## A.      Defendant's Confinement is Related to the Charges in the Instant Case

{10}    Defendant asserts that his presentence confinement in both PV-1 and PV-2 "was related to this case, and therefore he is entitled to credit for that confinement." Meanwhile, the State argues that Defendant "is not entitled to credit against the sentence in this case for confinement after arrest on the charges in this case that coincided with the unexpired term of the sentence(s) in his previous case(s)."

{11}    In deciding whether Defendant is entitled to the credit he seeks, "[t]he determinative issue is whether the basis for [the] defendant's confinement is actually related to the charge upon which his conviction is based[,]" *State v. Page*, 1984-NMCA-012, ¶ 26, 100 N.M. 788, 676 P.2d 1353, although the "confinement [need not] be related exclusively to the charges in question." *Miranda*, 1989-NMCA-068, ¶ 7. To determine if confinement is actually related to the charge, we apply the following three-factor test derived from *State v. Facteau*, 1990-NMSC-040, ¶ 7, 109 N.M. 748, 790 P.2d 1029 and *State v. Orona*, 1982-NMCA-143, ¶¶ 5-6, 98 N.M. 668, 651 P.2d 1312: "(1) whether [the] defendant was originally confined, (2) whether the charges related to the sentence triggered the confinement, and (3) whether bond was set in the case related to the sentence." *Romero*, 2002-NMCA-106, ¶ 11.

{12}    While decided before *Facteau* and *Orona*, the analysis employed in *State v. Ramzy*, 1982-NMCA-113, 98 N.M. 436, 649 P.2d 504, is synonymous with the test derived from those cases and informs our analysis here. In *Ramzy*, the defendant was released on an appeal bond for his first case when he acquired charges in a second case. *Id.* ¶ 4. These subsequent charges led to revocation of the defendant's appeal bond in his first case, which resulted in his confinement. *Id.* ¶ 5. This Court held that the subsequent charges that led to the defendant's parole to be revoked in the first case provided a "sufficient connection" between the defendant's second case and his confinement to warrant presentence confinement credit. *Id.* ¶ 11. We reasoned that "[the d]efendant's incarceration and confinement for the period in question was undoubtedly partly, if not totally, caused by [the] charges" in the second case despite the defendant being held in custody "due to the revocation of the appeal bond in" the first case. *Id.*

---

[2]We take this opportunity to expressly disavow all language from *State v. Irvin*, 1992-NMCA-121, ¶¶ 8, 14, 15, 114 N.M. 597, 844 P.2d 847, which may be taken to suggest that, in cases where Section 31-20-12 governs, the district court possesses discretion in awarding presentence confinement credit.

**{13}** Like the defendant in *Ramzy*, Defendant was not originally confined when he acquired the charges in the instant case. The charges in the instant case triggered Defendant's confinement. Defendant was on probation for PV-2 when he acquired the charges in the instant case. The State petitioned the district court to revoke Defendant's probation in PV-2 in response to the charges in this case. Finally, Defendant was held without bond for his probation violations in PV-2. We therefore conclude that Defendant satisfies the *Facteau/Orona* test and is entitled to presentence confinement credit.[3]

**B.      Defendant is Entitled to Presentence Confinement Credit Once Against the Aggregate of His Sentences**

**{14}** The State argues that *Facteau* prohibits granting Defendant presentence confinement credit concurrent with his time in confinement for PV-2 because Defendant's sentences must run consecutively. *See* 1990-NMSC-040, ¶ 3. We disagree and explain.

**{15}** Although the State is correct that Defendant's sentences must run consecutively pursuant to NMSA 1978, Section 31-18-21(B) (1977) because the district court did not indicate whether the sentences would run consecutively or concurrently, the State is incorrect about the ramifications of the sentences running consecutively.[4]

**{16}** In *Miranda*, we adopted the rule that "an offender who receives consecutive sentences is entitled to presentence incarceration credit only once against the aggregate of all the sentences, while an offender sentenced to concurrent terms in

---

3We limit our analysis here to the issue of presentence confinement triggered by Defendant's alleged probation violations in PV-2, and not PV-1, as this limitation will not affect the amount of presentence confinement that Defendant is entitled to receive; Defendant was incarcerated for the same time period for both PV-1 and PV-2, and, as we explain below, he can only receive credit once for that time period. We also note that our precedent is not clear as to whether the *Facteau/Orona* test involves weighing the factors or if the three factors are requirements, all of which must be satisfied for a defendant to receive credit. *See, e.g.*, *Orona*, 1982-NMCA-143, ¶ 6. However, the parties have not briefed the question, and we need not answer it to dispose of this appeal, as Defendant meets all three factors. Therefore, we do not address it. *See Crist v. Town of Gallup*, 1947-NMSC-012, ¶ 14, 51 N.M. 286, 183 P.2d 156 (stating that appellate courts need not address questions unnecessary for the resolution of the case), *superseded by statute on other grounds as stated in Hoover v. City of Albuquerque*, 1954-NMSC-043, ¶ 5, 58 N.M. 250, 270 P.2d 386.
4We note that in *Irvin*, this Court interpreted Section 31-18-21(A) "as removing discretion from the sentencing judge, such that when a person commits a crime while serving time in a penal institution, the sentencing judge must impose the sentence on the new crime consecutive to the sentence that was being served when the crime was committed." 1992-NMCA-121, ¶ 11. This is consistent with *Facteau*, where the defendant was serving a sentence for burglary in a penal institution when he escaped. 1990-NMSC-040, ¶ 1. Our Supreme Court held that "confinement [was] not 'presentence' because [the] defendant had been previously sentenced and was serving time for burglary." *Id.* ¶ 3. On the other hand, the codefendant's award of presentence confinement was appropriate because the codefendant was out on parole and not serving time in a penal institution. *Id.* ¶ 4. Thus, our Supreme Court reasoned that "[the d]efendant was treated differently because his legal status was different than [the] co[-]defendant." *Id.* Here, Defendant was on probation in PV-2; therefore, the mandatory language of Section 31-18-21(A) does not apply.

effect receives credit against each sentence." 1989-NMCA-068, ¶ 11. Likewise, we noted in *Romero* that

> [t]he issue [is] not whether to 'double count' days of presentence confinement credit, but rather whether the defendant would be given credit for both time that was part of the regular sentence in the prior case and time for the presentence credit in the subsequent case. . . . Our law requires presentence credit when the credit was acquired while serving a prior sentence under certain circumstances; it does not require a multiplication of days of presentence credit.

2002-NMCA-106, ¶ 13 (citations omitted). Since Defendant's sentences must run consecutively, he is entitled to credit only once against the aggregate of his sentences in PV-2 and the instant case.[5]

## II. Defendant's Convictions for Aggravated Fleeing of a Law Enforcement Officer and Resisting, Evading or Obstructing an Officer Violate His Protection Against Double Jeopardy

**{17}** "No person shall be twice put in jeopardy for the same crime. The defense of double jeopardy may not be waived and may be raised by the accused at any stage of a criminal prosecution, either before or after judgment." NMSA 1978, § 30-1-10 (1963). Generally, double jeopardy claims present a question of law requiring de novo review. *State v. Bernal*, 2006-NMSC-050, ¶ 6, 140 N.M. 644, 146 P.3d 289. In this case, however, the State concedes Defendant's position that his convictions for aggravated fleeing of a law enforcement officer and resisting, evading or obstructing an officer violate double jeopardy. While we are not required to accept the State's concession, we accept it under the facts of this case as supported by our precedent and offer a brief analysis. *See, e.g.*, *State v. Alvarez*, 2018-NMCA-006, ¶ 24, 409 P.3d 950 (agreeing with the state's concession that the defendant's conviction should be vacated but noting that such concessions are not binding on appellate courts). "Where we conclude that double jeopardy has been violated, we vacate the lesser offense and retain the conviction for the greater offense." *State v. Padilla*, 2006-NMCA-107, ¶ 36, 140 N.M. 333, 142 P.3d 921, *rev'd on other grounds*, 2008-NMSC-006, ¶¶ 1, 34, 143 N.M. 310, 170 P.3d 299.

**{18}** The parties direct us to our opinion in *Padilla* as requiring vacation of Defendant's conviction for resisting, evading or obstructing an officer. There, the defendant led an officer on a vehicle chase until he reached an obstruction in his path, at which point he left the vehicle "and crawled under a nearby mobile home" before he was arrested. *Id.* ¶

---

5Defendant also argues that "[t]he New Mexico Constitution did not require [him] to be ordered 'released' or denied presentence confinement when he was in fact held in custody." The State did not contest this issue. However, Defendant fails to adequately brief this constitutional issue. "This Court will not rule on an inadequately-briefed issue where doing so would require this Court to develop the arguments itself, effectively performing the parties' work for them." *State v. Flores*, 2015-NMCA-002, ¶ 17, 340 P.3d 622 (internal quotation marks and citation omitted). Considering an analysis of this issue does not impact the result of this Court's holding, we decline to address this issue further.

5. The defendant was charged with and convicted of aggravated fleeing of a law enforcement officer and resisting, evading or obstructing an officer. *Id.* ¶¶ 1, 5-6. Employing a double-description, double jeopardy analysis, we held the defendant's actions were "one distinct course of conduct" and that the Legislature did not intend multiple punishments in such situations. *Id.* ¶¶ 30, 35. Accordingly, this Court concluded that resisting, evading or obstructing an officer is a lesser included offense of aggravated fleeing a law enforcement officer, and that the defendant could not be convicted of both because his conduct was unitary. *Id.* ¶ 35. Such is the case here.

**{19}** Defendant's conduct is nearly identical to that of the defendant in *Padilla*. Here, Defendant led officers on a vehicle chase until he stopped and exited the vehicle and ran away from officers. Defendant was then found in a shed. As was true in *Padilla*, the evidence did not show "a separation in time or space between acts or changes in the nature, intent, or objective of the conduct" at issue here. *Id.* ¶ 30. As such, Defendant's convictions for both aggravated fleeing of a law enforcement officer and resisting, evading or obstructing an officer violate his protection against double jeopardy. We therefore hold that because Defendant's conduct was unitary, Defendant's conviction for resisting, evading or obstructing an officer must be vacated, as it is a lesser included offense of Defendant's conviction for aggravated fleeing of a law enforcement officer.

**CONCLUSION**

**{20}** For the foregoing reasons, we reverse the district court's ruling on presentence confinement credit and Defendant's conviction for resisting, evading or obstructing an officer. We remand this case to the district court with instructions to enter an amended judgment and sentence granting Defendant an additional 293 days of presentence confinement credit, and to vacate the above-named conviction consistent with this opinion.

**{21}   IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**