The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number:

Filing Date: May 7, 2026

**NO. S-1-SC-40308**

**STATE OF NEW MEXICO,**

Plaintiff-Respondent,

v.

**HEZEKIAH EAKER,**

Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Angie K. Schneider, District Judge**

Bennett J. Baur, Chief Public Defender
Kimberly M. Chavez Cook, Appellate Defender
Mark A. Peralta-Silva, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Raúl Torrez, Attorney General
Santa Fe, NM
Sarah M. Karni, Assistant Solicitor General
Albuquerque, NM

for Respondent

**OPINION**

**VARGAS, Chief Justice.**

{1} Defendant Hezekiah Eaker appeals from the district court's denial of presentence confinement credit in this Rule 12-501 NMRA habeas proceeding. We reject Defendant's challenge to our well-established test for calculating presentence confinement credit pursuant to NMSA 1978, Section 31-20-12 (1967), in cases where a defendant is serving a sentence in one case and seeks presentence confinement credit in a second case. These are sometimes referred to as *dual credit* cases. We clarify that in dual credit cases, the three factors to determine whether presentence confinement credit is appropriate are: "(1) the defendant was not confined in either case[,] (2) the charges in case two triggered and caused the confinement in case one, and (3) the defendant was also confined [in] case two." *State v. Herrera*, 2024-NMCA-025, ¶ 23, 544 P.3d 260.

{2} In particular, we reject Defendant's argument that we should jettison the final factor of our three-factor test. Defendant relies on a Court of Appeals case, *State v. French*, 2021-NMCA-052, 495 P.3d 1198, for his argument that the third factor is unnecessary. The *French* presentence confinement analysis does not reflect our precedent and is contrary to this opinion. Accordingly, we abrogate *French* to the extent that it departs from the analysis herein.

{3}     Defendant is not entitled to his desired presentence confinement credit under our three-factor test. Instead, we hold that he is entitled to one day of credit for the only day he was confined, in part, on the basis of this case (identified below as Case Two).

{4}     Defendant also raises an unpreserved argument. He contends that he was illegally sentenced to a parole term of between five years and his natural life and to a probation term of five to twenty years. He argues that his crime—sexual exploitation of children, contrary to NMSA 1978, Section 30-6A-3(A) (2016)—cannot support either sentence. We agree with Defendant that his probation and parole sentences are illegal. The appropriate statutory parole term for Defendant's fourth-degree felony is one year, and the appropriate probation term is up to five years.

{5}     We remand for proceedings consistent with our holdings.

**I.     BACKGROUND**

{6}     Defendant was convicted of criminal sexual penetration and incest in 2012, a third-degree felony (Case One). He was paroled in that case on December 2, 2016. On March 28, 2019, parole officers discovered that, along with other parole violations, Defendant possessed two cell phones containing child sexual abuse

material.[1] Defendant was taken into custody that day. On April 4, 2019, Defendant was served notice of a parole revocation hearing and waived his right to a preliminary hearing on the revocation. Defendant's parole was revoked following a hearing on May 9, 2019.

{7}     While in custody on April 5, 2019, Defendant was charged with a new crime—sexual exploitation of children, a fourth-degree felony—based at least in part on the factual allegations resulting in his parole violation (Case Two). That same day, the magistrate court released him in Case Two on an unsecured bond of $5,000. Although he was released in Case Two, he remained incarcerated in Case One.

{8}     Defendant pleaded guilty in Case Two on July 20, 2021, and received a twelve-year sentence with five years suspended. The district court did not award any presentence confinement credit. Defendant received an indeterminate parole sentence of not less than five years and up to his natural life, and he received an indeterminate probation sentence of five to twenty years.

---

[1]While the term *child pornography* is often used to describe "visual depiction of sexually explicit conduct involving a person less than 18 years old," the term we use here, *child sexual abuse material* (CSAM), "better reflects the abuse that is depicted in the images and videos and the resulting trauma to the child." U.S. Dep't of Just., *National Strategy for Child Exploitation Prevention & Interdiction: A Report to Congress* 2 n.5 (2023), https://www.justice.gov/d9/2023-06/2023_national_strategy_for_child_exploitation_prevention_interdiction_-_a_report_to_congress.pdf [https://perma.cc/9M6U-ZJ3P].

{9} On November 22, 2021, Defendant filed a motion to correct his sentence. Defendant asserted he was entitled to presentence confinement credit in Case Two "for time he spent incarcerated on his [Case One] parole violation" because it was "predicated, at least in main part, on the same facts" as those underlying Case Two. The district court denied the motion.

{10} Defendant appealed the denial of presentence confinement credit to the Court of Appeals. The Court of Appeals requested transfer to this Court. We ordered transfer because we agreed with the Court of Appeals that Defendant's motion to correct his sentence—filed approximately four months after he was sentenced—was untimely and therefore properly construed as a petition for a writ of habeas corpus. *See* NMSA 1978, § 39-1-1 (1917) (providing that final judgments remain under the control of the district court for thirty days after entry of the judgment); Rule 5-802 NMRA comm. cmt. (stating that Rule 5-802, which governs the filing of a writ of habeas corpus in the district court, "is designed to address petitions filed after the entry of a final judgment and all direct appeals, *however styled*, in a criminal case" (emphasis added)); Rule 5-802(N)(2) (providing this Court with exclusive jurisdiction to review a district court denial of a petition for a writ of habeas corpus).

{11} We further ordered that the brief in chief filed in the Court of Appeals be construed as a petition for writ of certiorari to review the district court's denial of a

habeas petition, the answer brief as a response to that petition, and the reply brief as a reply to that response. We additionally ordered supplemental briefing, instructing the parties to address whether Defendant's "release in Case Two while he remained confined in . . . [Case One was] sufficient to deny him an award of presentence confinement credit" and "[w]hat role, if any, . . . New Mexico's revamped pretrial release and detention rules play in resolving" the prior question.[2]

## II.    DISCUSSION

{12}    Defendant raises two arguments. First, he argues that he is entitled to presentence confinement credit in Case Two under Section 31-20-12 for the period of time "he was confined during the pendency of [Case Two] . . . because he was confined as a result of the conduct which led to this [sic] charges in th[at] case." Second, he argues that the crime to which he pleaded guilty—sexual exploitation of children in the fourth degree—cannot support the indeterminate sex offender parole and probation terms imposed by the district court. We address these arguments in turn.

---

[2]We agree with the parties that the revamped pretrial release and detention rules, which effectuate the 2016 amendment to Article II, Section 13 of the New Mexico Constitution, have no direct bearing on the outcome of this case. *See* 2016 N.M. Laws, Constitutional Amendment 1; *see also, e.g.*, Rule 5-401 NMRA. Accordingly, we discuss this issue no further.

## A.    Standard of Review

{13}    Defendant's appeal requires statutory interpretation, which we review de novo. *State v. Tafoya*, 2010-NMSC-019, ¶ 9, 148 N.M. 391, 237 P.3d 693. "We begin with the plain language of the . . . statute, and when it is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *Amdor v. Grisham*, 2025-NMSC-024, ¶ 29, 578 P.3d 971 (internal quotation marks and citation omitted).

## B.    Presentence Confinement Credit

{14}    Section 31-20-12 governs presentence confinement credit. It states, "A person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or a lesser included offense, be given credit for the period spent in presentence confinement against any sentence finally imposed for that offense." *Id.*

{15}    Under limited circumstances, a defendant may receive credit against a sentence in one case and credit for presentence confinement credit in another case; that is, dual credit. *Herrera*, 2024-NMCA-025, ¶ 22. Under this scenario, dual credit is required where "there is a sufficient connection between case two and the confinement at issue." *Id.* ¶ 23 (citing *State v. Facteau*, 1990-NMSC-040, ¶ 5, 109 N.M. 748, 790 P.2d 1029). To determine whether the connection is sufficient to

entitle a defendant to dual credit, our courts apply a well-established three-part test. *Id.*; *see also Facteau*, 1990-NMSC-040, ¶ 7 (discussing and applying the three-factor dual credit test); *State v. Ramzy*, 1982-NMCA-113, ¶ 11, 98 N.M. 436, 649 P.2d 504 (applying the three-factor test). The three factors are: "(1) the defendant was not confined in either case[,] (2) the charges in case two triggered and caused the confinement in case one, and (3) the defendant was also confined [in] case two."[3] *Herrera*, 2024-NMCA-025, ¶ 23.

{16}    We note that our courts have sometimes stated the third factor differently, usually examining whether bond was set. *See, e.g.*, *State v. Romero*, 2002-NMCA-106, ¶ 11, 132 N.M. 745, 55 P.3d 441 (formulating the third factor as "whether bond was set in the case related to the sentence"). For two reasons, we conclude that the appropriate formulation of the third factor in this case is as we state above in *Herrera*. First, this formulation more directly states the relevant inquiry, which is

---

[3]There are rare instance where confinement is at issue in more than two cases. *See, e.g.*, *State v. Miranda*, 1989-NMCA-068, ¶¶ 2-4, 108 N.M. 789, 779 P.2d 976 (adjudicating presentence confinement where three cases were at issue). In such cases, the third factor may be modified accordingly: that is, in a case with three cases at issue, the third factor might be formulated as, "the defendant was also confined in case three"; or, more generally as, "the defendant was also confined in the case for which the defendant seeks presentence confinement credit." The first factor may also be modified as necessary in such cases: for example, "the defendant was not incarcerated in any case at issue."

whether case two led to a defendant's presentence confinement. Second, since the 2016 amendment to Article II, Section 13 of the New Mexico Constitution, whether a defendant is confined pretrial is generally a matter of whether "no release conditions will reasonably protect the safety of any other person or the community"; as such, bond is no longer central to our pretrial release framework and is not a factor in this case. Accordingly, we instruct that the third factor is whether the defendant was also confined in case two.

{17}   Defendant requests that we eliminate the third factor altogether. We decline that invitation. Defendant grounds his position in *French*, 2021-NMCA-052. *French* awarded presentence confinement credit even though the defendant was not held in whole or in part on the basis of the case for which he sought credit. *See id.* ¶ 5 (stating that the defendant was confined on a probation violation but released in the case for which he sought presentence confinement credit); *id.* ¶ 13 (concluding, nevertheless, to award presentence confinement credit for the case in which he was released). Relying on *French*, Defendant argues that his nominal release in Case Two—that is, the fact that he was released in Case Two on the very day he was charged—does not prevent this Court from providing the 881 days of presentence confinement credit he seeks. But the *French* Court did not explicitly analyze whether the defendant was incarcerated in the case for which he sought credit. *See id.* ¶ 13 & n.3. Put another

way, *French* misapplied the third factor of our test.[4] *Id.* (stating that the defendant met all three factors of the test even though the defendant was held only on a probation violation in another case). Indeed, Defendant recognizes that "the *French* Court did not analyze the third prong or reference the district court's order releasing the defendant." Because the *French* Court's interpretation of Section 31-20-12 is incongruent with our precedent until now and with this opinion, we hereby abrogate *French* to the extent that it departs from the analysis herein and, relatedly, reject Defendant's argument relying on that case.

{18} Also unpersuasive are Defendant's arguments that absurdity and "gamesmanship" may result from the third factor of our test for presentence confinement. Defendant warns of absurdity because defendants who commit serious new crimes are more likely to be held in custody for that crime—and receive presentence confinement credit—than defendants who commit minor new crimes. Even if we accept Defendant's premise, we reject Defendant's argument that this is

[4]The three-judge Court of Appeals panel expressed the same view in transferring the matter to this Court. *See* Order Transferring to the New Mexico Supreme Court, *State v. Eaker*, A-1-CA-40709, at 3 n.1 (N.M. Ct. App. Mar. 1, 2024) ("*French*, in its application of the three-part test, appears to have diverged from . . . precedent with respect to the third factor—concluding that Mr. French was entitled to presentence confinement credit in case two, even though he was not confined in that case.").

absurd or militates against retaining the third factor. Section 31-20-12 does not establish any relationship between the seriousness of the new crime and earning presentence confinement credit, and we perceive no such relationship. The statute does, however, establish a relationship between the confinement for which a defendant seeks presentence confinement credit and the conviction against which credit is sought. *See* § 31-20-12 (stating that "[a] person *held . . . on suspicion or charges of . . . a felony*" must be granted presentence confinement credit "against any sentence finally imposed *for that offense*" (emphases added)); *State v. Miranda*, 1989-NMCA-068, ¶ 21, 108 N.M. 789, 779 P.2d 976 ("The determinative issue for presentence confinement credit is whether the basis for the confinement was actually related to the charge upon which the final conviction and sentence are based.").

{19}    Defendant's "gamesmanship" argument is similarly unavailing. Defendant argues that the district court might nominally release a defendant in a case two who is confined in a case one, with the specific intent to deny that defendant presentence confinement. Defendant also contends that the state might not pursue pretrial detention of a dangerous but otherwise confined defendant in order to deny that defendant presentence confinement credit. Defendant offers no reason that he believes such "gamesmanship" will occur. We find these scenarios highly speculative, and we perceive no good reason that a judge or the state would follow

such an approach. We are unpersuaded to abandon our established test for this reason.

**C.      Defendant Is Entitled to One Day of Presentence Confinement Credit in Case Two**

{20}      We turn now to the question of how much presentence confinement credit Defendant is due under the correct, three-factor analysis. At issue is the third factor—whether Defendant was confined in Case Two.[5] Defendant concedes that he was not confined in Case Two and that he would have been released into the community but for the Case One parole violation. The State argues that Defendant's case does not satisfy the third factor and the district court's denial of any presentence confinement credit should therefore be affirmed.

{21}      We agree with the parties that the district court released Defendant in Case Two. However, we note that Defendant was released on the Case Two docket later in the day that he was charged. Because he was in part confined as a result of Case

---

[5]Because the "State agrees with Defendant that it is the third prong that is at issue," we assume without deciding that the other two factors were met in ultimately granting one day of confinement credit. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (refusing to develop arguments for the parties because "effectively performing the parties' work for them . . . creates a strain on judicial resources and a substantial risk of error[, and i]t is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation" (citation omitted)).

Two for a portion of one day, he is entitled to one day of presentence confinement credit. *See Miranda*, 1989-NMCA-068, ¶¶ 7-8 (stating that one day of presentence confinement credit is "granted for every twenty-four hours [of confinement], or fraction thereof," and that to receive presentence confinement credit in a dual credit case, the confinement need not "be related exclusively to the charges in question"). We remand to the district court to effectuate this holding.

**D.      Defendant's Parole and Probation Sentences**

{22}      Defendant argues that his indeterminate sex offender parole sentence of "[n]ot less than [five] years and up to [his] natural life" is illegal. He also argues that his probation sentence of five to twenty years is illegal. These issues are not preserved, but preservation is not necessary to challenge an illegal sentence. *See State v. Trujillo*, 2007-NMSC-017, ¶ 8, 141 N.M. 451, 157 P.3d 16 ("Because a trial court does not have subject-matter jurisdiction to impose a sentence that is illegal, the legality of a sentence need not be raised in the trial court.").

{23}      The statute which governs parole for sex offenders, NMSA 1978, § 31-21-10.1 (2007), provides for a parole term of not less than five years and up to the natural life of sex offenders convicted of certain crimes enumerated in Section 31-21-10.1(A)(2). Defendant's crime, sexual exploitation of children in the fourth degree, is not one of the enumerated crimes. *See id.* (providing for a parole term of

"not less than five years and up to the natural life of . . . sex offender[s convicted] of aggravated criminal sexual penetration, criminal sexual penetration in the first or second degree, criminal sexual contact of a minor in the second or third degree or sexual exploitation of children by prostitution in the first or second degree"). The State concedes that Defendant's parole sentence is contrary to law. We agree with the parties and therefore hold that Defendant's parole sentence is illegal.

{24} Similarly, Defendant's probation term is illegal. Certain enumerated crimes are designated sex offenses and are therefore subject to the five- to twenty-year term of probation that Defendant received. *See* NMSA 1978, § 31-20-5.2(A) (2003) (providing for an indeterminate five- to twenty-year term of probation for sex offenses enumerated in Section 31-20-5.2(F)). But Defendant's crime is not one of them. *See* § 31-20-5.2(F) (noting the absence of sexual exploitation of children in the fourth degree). The State is silent on this point. We agree with Defendant and hold that his probation sentence is illegal.

{25} Defendant was convicted of a fourth-degree felony for sexual exploitation of children. Defendant's crime is subject to a parole sentence of one year and a probation sentence of up to five years. *See* NMSA 1978, § 31-21-10(D) (2009, amended 2025) (providing for a one-year parole term for fourth-degree felonies); NMSA 1978, § 31-20-5(A) (2003, amended 2025) (providing for a probation term

of up to five years for all offenses except sex offenses as defined in Section 31-20-5.2). We remand to the district court for resentencing of Defendant in accordance with this opinion.

## III.   CONCLUSION

{26}   For the reasons stated, we hold that Defendant is entitled to one day of presentence confinement credit. We further hold that Defendant's probation and parole sentences are illegal. His conviction for sexual exploitation of children in the fourth degree is subject to a parole term of one year and a probation term of up to five years. We remand to the district court for proceedings in accordance with our holdings.

{27}   **IT IS SO ORDERED.**

_____

**JULIE J. VARGAS, Chief Justice**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Justice**

_____

**C. SHANNON BACON, Justice**

_____

**DAVID K. THOMSON, Justice**

_____

**BRIANA H. ZAMORA, Justice**